IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LISA MICHELLE BURGESS | : | |
| | : | |
| v. | : | CIVIL NO. CCB-15-2773 |
| | : | |
| HOWARD COUNTY POLICE | : | |

...o0o...

**<u>MEMORANDUM</u>**

Plaintiff Lisa Burgess, representing herself, has filed suit apparently alleging that her termination was the result of "falsified" evaluations which followed her filing of an earlier complaint for racial discrimination.[1]  The earlier complaint also was based on allegedly inaccurate performance evaluations.  The defendant, Howard County, has filed a motion to dismiss either under claim preclusion or for failure to state a claim.  The motion has been briefed and no oral hearing is necessary.  (Local Rule 105.6).

A party asserting claim preclusion, or *res judicata*, to bar a subsequent complaint must show: "(1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and later suit; and (3) an identity of parties or their privies in the two suits." *Clodfelter v. Republic of Sudan*, 720 F.3d 199, 210 (4th Cir. 2013) (internal quotation marks and citation omitted).  Claim preclusion also bars claims that are based on the same underlying transaction and could have been raised in the prior litigation.  *Id.*

The facts of Ms. Burgess's earlier case are set forth in this court's opinion entered September 30, 2013 in Civil No. CCB-12-3590, finding she failed to state a claim for racial discrimination under Title VII.[2]  Ms. Burgess, whose employment was terminated on June 7, 2013, following poor performance evaluations by several sergeants other than the one she

---

[1] This case initially was assigned to Judge James K. Bredar.  Upon realizing it was related to Civil No. CCB-12-3590, he transferred the case to the undersigned.
[2] Ms. Burgess was represented by counsel in the 2012 suit.

initially complained about, could have but did not amend her complaint to allege retaliation in

Civil No. CCB-12-3590.  *See Jones v. Calvert Grp., Ltd.*, 551 F.3d 297, 301–03 (4th Cir. 2009)

(a Title VII plaintiff may raise a retaliation claim in court without first exhausting administrative

remedies).  Accordingly, claim preclusion bars the present complaint.

    Even if it did not, the County would be entitled to dismissal under Fed. R. Civ. P.

12(b)(6), because Ms. Burgess alleges nothing, other than her personal belief that the various

performance evaluations were false, to support her claim that the termination was done in

retaliation for the lawsuit filed six months earlier.

    Accordingly, the County's motion to dismiss or for summary judgment will be granted by

a separate Order which follows.


December 31, 2015                                         /S/
Date                                          Catherine C. Blake
                                              United States District Judge

2